09-3446-ag
Singh v. Holder

BIA
A070 582 181

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MANJIT SINGH,
> *Petitioner,*

v.                                              09-3446-ag
                                                NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Glen L. Formica, New Haven, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Terri J. Scadron, Assistant Director, Corey L. Farrell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Manjit Singh, a native and citizen of India, seeks review of the July 14, 2009, order of the BIA denying his motion to reopen. *In re Manjit Singh*, No. A 070 582 181 (B.I.A. July 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Singh's untimely motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The regulations provide that "[a] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Singh does not dispute that his June 2009 motion was untimely. Rather, he argues that the BIA should have tolled the time limitations to accommodate his ineffective assistance of

counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 135 (2d Cir. 2008). The BIA did not abuse its discretion in declining to equitably toll the filing deadline for Singh's motion to reopen because, as it found, he failed to demonstrate that he exercised due diligence in pursuing his claim. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Singh argues that he exercised due diligence because he discovered his prior attorney's ineffective assistance in November 2008 and filed his motion to reopen in June 2009. However, as the BIA found, it does not appear that Singh took any steps to determine the status of his petition in the more than three years after it was filed. He then waited an additional seven months to file his motion to reopen after discovering that counsel's law license was to be suspended. Under these circumstances, we find no error

3

in the BIA's conclusion that Singh did not exercise the requisite due diligence. *See Rashid*, 533 F.3d at 135. Accordingly, we need not consider his argument that he was prejudiced by the allegedly ineffective assistance he received. *See Cekic*, 435 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk